# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Tracy Adam Johnson, and | ) | Case No.  09-30781 |
| Sheryl Anne Johnson, | ) | |
| | ) | |
| Tracy Adam Johnson, & | ) | |
| Sheryl Anne Johnson, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| Liberty Bank, | ) | |
| | ) | |
| Bank of America, as successor-in- | ) | |
| interest to Countrywide, F.S.B., | ) | |
| | ) | |
| | ) | |
| Fidelity National Financial doing | ) | |
| business as Land America Lawyers | ) | |
| Title, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

### Jurisdiction And Venue

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue for this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. This Adversary Proceeding and the causes of action herein constitute "core proceedings" within the meaning of 28 U.S.C. §157 (a), (b)(2) (A), ((b)(2)(B), (b)(2)(K) and (O).

Additionally, as to Defendant Lawyers Title, jurisdiction is invoked under Bankruptcy Rule 7019.

4. The statutory predicates for the claims brought in this Adversary Proceeding are 11 U.S.C. §510(c) and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

5. Plaintiffs commenced a chapter 7 bankruptcy, Case No. 09-30781, in the Western District of Missouri on July 1, 2009.

## The Parties

6. At all times mentioned herein Plaintiffs Tracy Adam Johnson and Sheryl Anne Johnson were and remain residents of Barry County, Missouri, residing in Verona, Missouri.

7. Defendant Liberty Bank is a state-chartered, federally-insured banking institution with its main office located in Springfield, Missouri.

8. Defendant Bank of America is a national bank that regularly conducts business and maintains banking facilities within the State of Missouri.

9. Defendant Bank of America) is successor-in-interest to Countrywide, F.S.B. ("Countrywide"). Countrywide regularly conducted loan originations in Missouri during all times mentioned herein.

10. Defendant Fidelity National Financial, doing business as Land America Lawyers Title ("Lawyers Title") is a title insurance company that regularly conducts business within the State of Missouri.

## Factual Background

11. A Deed of Trust was recorded on March 28, 2006, in the real estate records of Barry County, Missouri in Book 6, Page 2250, which instrument secures a debt owed by Plaintiffs to Liberty Bank within Loan Number 13033359. The amount of indebtedness for this loan is in the amount of $48,852.45.

12. In March of 2008, Plaintiffs were also indebted to Liberty Bank for a second loan (Loan Number 130223735) which loan was also secured by a Deed of Trust on Plaintiffs' homestead. This loan was in the amount of $36,393.25 as of March 31, 2008.

13. During March of 2008, Plaintiffs contacted Countrywide, F.S.B. ("Countrywide") for the purpose of refinancing all debts which were secured by Plaintiffs' forty acre homestead.

14. An agent or employee of Countrywide came to the residence of Plaintiffs in March of 2008 and at that time commenced the loan underwriting process for refinance of all debts owed by Plaintiffs that were secured by their forty-acre homestead.

15. On all occasions of meeting or telephone conferencing with Plaintiffs, agents and employees of Countrywide represented that

they were skilled, experienced, and competent to refinance Plaintiff's debts secured by their homestead.

16. As part of the loan underwriting process, Plaintiffs fully disclosed to Countrywide all of their outstanding loans, including disclosure of all debts owed to Liberty Bank.

17. Plaintiffs are unsophisticated borrowers and at all times agents and employees of Countrywide directed and controlled the timing and scope of the loan underwriting process to refinance all debts secured by Plaintiffs' homestead.

18. As part of the loan underwriting process, Countrywide prepared and submitted to Plaintiffs a direction letter which document was agreed would be submitted to Liberty Bank concurrent with paying off all debts owed by plaintiffs and secured by Plaintiffs' homestead.

19. The direction letter referred to in the preceding paragraph directs that Liberty Bank is to release all liens and encumbrances on Plaintiffs' homestead concurrent with Liberty Bank accepting "full payoff" payment.

20. Countrywide informed Plaintiffs, as part of the loan underwriting process, that Plaintiffs would not be permitted to have access to any funds as part of the loan closing process; instead, Countrywide informed Plaintiffs that Countrywide and its agents would disburse loan closing proceeds for the purpose of retiring all debts secured by Deeds of Trust on Plaintiffs' homestead.

4

21.   After denying to Plaintiffs the use of loan closing proceeds, Countrywide voluntarily assumed the responsibility of serving as Plaintiffs' agent in the loan closing process and further undertook, as Plaintiffs' agent, to obtain release of all Deeds of Trust held by Liberty Bank which encumbered Plaintiffs' homestead.

22.   Defendant Countrywide obtained a mortgagee title insurance policy from Defendant Lawyers Title for refinance of Plaintiffs' homestead loans. Plaintiffs paid for the cost of the title insurance policy out of loan closing proceeds.

23.   The mortgagee title policy issued by Lawyers Title for Plaintiffs' homestead refinance loan (Policy K61-0109978) does not except from coverage (within Schedule B Exclusions) any loans or Deeds of Trust in favor of Liberty Bank; the title insurance policy provides that Countrywide will hold a first mortgage position on Plaintiffs' homestead.

24.   Or or about March 31, 2008, Liberty Bank negotiated payment from Countrywide in the amount of $36,393.32.

25.   Concurrent with negotiating payment from Countrywide, Liberty Bank knowingly disregarded the direction letter from Plaintiff requiring that said bank release all liens and encumbrances upon Plaintiffs' homestead.

26.   At the time of knowingly disregarding Plaintiffs' direction letter, Liberty Bank was fully aware that Countrywide and Plaintiffs intended the tendered payment to release all Deeds of Trust upon Plaintiffs' homestead.

5

27. Defendant Countrywide engaged the services of Defendant Lawyers Title to serve as loan closing agent for refinance of loans secured by Plaintiffs' homestead.

28. On or about March 31, 2008, Countrywide and Lawyers Title disbursed a part of the loan refinance proceeds ($36,393.32) to Liberty Bank.

29. Concurrent with payment, Defendants also submitted to Liberty Bank the direction letter from Plaintiffs to Defendant Liberty Bank directing that the bank was to release all liens and encumbrances secured by Plaintiffs' homestead concurrent with accepting and negotiating the payment referenced within the immediately preceding paragraph.

30. The recorded Deed of Trust, referenced within paragraph 11, would have been discovered by Defendants Countrywide and Lawyers Title if ordinary care and diligence had been exercised in searching the real estate records of Barry County, Missouri.

**Count I As To Liberty Bank – Conversion and Estoppel**

31. At the time of accepting payment from Countrywide and Lawyers Title, Defendant Liberty Bank knowingly and intentionally disregarded the direction letter from Plaintiffs, used the funds as the bank wished them to be applied, and ignored Plaintiffs' direction letter.

32. Defendant Liberty Bank in applying the funds in a manner contrary to Plaintiffs' direction letter unlawfully converted said funds for its own purpose.

6

33.    Wherefore, Plaintiffs pray that Liberty Bank be required to release the Deed of Trust in its favor which instrument encumbers Plaintiffs' homestead and to reimburse Plaintiffs for all costs and attorney fees incurred as a consequence of bank's tortious conduct; and for such other relief as seems just and proper.

## Count II As To Bank of America
## Breach of Fiduciary Duty of Agency; Breach of Contract
## Breach of Express Agreement To Serve As Plaintiffs' Closing Agent

34.    Defendant Countrywide, as Plaintiffs' fiduciary agent, was negligent in processing and closing the refinance loan and breached a fiduciary duty of agency to exercise ordinary care and diligence in the loan closing process.

35.    Having voluntarily undertaken to represent Plaintiffs' interests in the loan closing process, Defendant bank was negligent in not learning of the existence of the Deed of Trust in favor of Liberty Bank which secured Loan Number 13033359.

36.    Wherefore, Plaintiffs pray that the indebtedness, if any, owed to Liberty Bank and secured by a Deed of Trust upon Plaintiff's homestead, be repaid in full by Defendant Countrywide; and for such other relief as seems just and proper.

## Count III As To Lawyers Title

37.  In addition to the contractual duties owed to Countrywide under the Mortgagee title insurance policy, Defendant Lawyers Title served as Plaintiffs' agent in the loan closing process and was negligent in not obtaining release of all liens and encumbrances by Liberty Bank as part of the loan closing process.

38.  Wherefore, Plaintiffs pray that Defendant Lawyers Title be required to retire all indebtedness, if any, found to be owing to Defendant Liberty Bank and secured by Plaintiffs' homestead; and for such other relief as seems just and proper.

>                          Respectfully submitted,
>
>                          /s/ James Moroney
>                          Mo. Bar 23377
>                          1330 E. Cherry St., Ste. D
>                          Springfield, MO 65802
>                          417-831-0606  Fax 636-600-5151